UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KRIS GOUNDEN,

Plaintiff,

-against-

CITY OF NEW YORK, CRIMINAL COURT JUDGES JANE
AND JOHN DOES, SUPREME COURT JUDGE DOE,
POLICE INSPECTOR PASCALE, CON ED REVENUE
SPECIALIST POLLINA,

Defendants.

## DEFENDANTS CITY OF NEW YORK AND INSPECTOR PASCALE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(C)

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City and Pascale*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Daniel G. Saavedra*
*Tel: (212) 356-0892*
*Matter No.: 2015-010667*

# TABLE OF CONTENTS

**Pages**

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ......................................................................................... 2

STANDARD OF REVIEW ........................................................................................ 3

ARGUMENT

      POINT I

            PLAINTIFF'S FALSE ARREST AND MALICIOUS PROSECUTION CLAIMS ARISING OUT OF HIS AUGUST 8, 2013 ARREST FAIL AS A MATTER OF LAW .................................. 5

            A.    Probable Cause Standard ................................................... 5

            B.    The Existence of Probable Cause Defeats Plaintiff's False Arrest and Malicious Prosecution Claims Arising Out of His August 8, 2013 Arrest................................................... 7

      POINT II

            PLAINTIFF'S SELECTIVE ENFORCEMENT CLAIM FAILS AS A MATTER OF LAW ................................. 8

            A.    Selective Enforcement Standard ....................................... 9

            B.    Plaintiff's Selective Enforcement Claim Fails as a Matter of Law. ............................................ 9

      POINT III

            PLAINTIFF'S CONSPIRACY CLAIM FAILS AS A MATTER OF LAW .............................................. 10

      POINT IV

            CITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ....................................... 13

POINT V

      PLAINTIFF'S MUNICIPAL LIABILITY CLAIM
      FAILS AS A MATTER OF LAW ............................................................ 15

POINT VI

      TO THE EXTENT PLAINTIFF'S COMPLAINT
      MAY BE READ TO ASSERT CLAIMS UNDER
      STATE LAW, THESE CLAIMS MUST BE
      DISMISSED FOR FAILURE TO COMPLY WITH
      CONDITIONS PRECEDENT TO SUIT .................................................... 17

CONCLUSION ............................................................................................................ 19

# TABLE OF AUTHORITIES

**Cases**                                                                                       **Pages**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................................3

*Awelewa v. N.Y. City.*,
   11 Civ. 778 (NRB), 2012 U.S. Dist. LEXIS 24244 (S.D.N.Y. Feb. 22, 2012) ...................4, 7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)........................................................................................................3

*Blue Tree Hotels Inv. (Can.), Ltd.*,
   369 F.3d 212 (2d Cir. 2004)...........................................................................................4

*Bradley v. City of New York*,
   No. 08 Civ. 1106 (NGG),
   2009 U.S. Dist. LEXIS 51532 (E.D.N.Y. June 18, 2009) ....................................................16

*Bradway v. Gonzales*,
   26 F.3d 313 (2d Cir. 1994)..........................................................................................13

*Brogdon v. City of New Rochelle*,
   200 F. Supp. 2d 411 (S.D.N.Y. 2002).......................................................................18

*Broughton v. State of New York*,
   37 N.Y.2d 451, 458 (1975) .............................................................................................5

*Brown v. NYCHA, et al.*,
   13 Civ. 7599 (RJS) (HBP), Slip Op. fn. 2, Docket ...................................................4

*Campbell v. Giuliani*,
   No. 99 Civ. 2603 (JG), 2001 U.S. Dist. LEXIS 609 (E.D.N.Y. Jan. 24, 2001).........................6

*Carson v. Lewis*,
   35 F. Supp. 2d 250 (E.D.N.Y. 1999) ...................................................................8

*Cerrone v. Brown*,
   246 F.3d 194 (2d Cir. 2001)........................................................................................14

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002)...........................................................................................4

*Church of the Am. Knights of the Ku Klux Klan v. Kerik*,
   356 F.3d 197 (2d Cir. 2004)...........................................................................................9

**Cases**                                                                      **Pages**

*City of Canton v. Harris*,
    489 U.S. 378 (1989) ...........................................................................................16

*City of New York v. Gounden*,
    131 A.D.3d 560 (2nd Dep't 2005) ....................................................................3

*City of St. Louis v. Praprotnik*,
    485 U.S. 112 (1985) ...........................................................................................16

*Cuevas v. City of New York*,
    No. 07 Civ. 4169 (LAP),
    2009 U.S. Dist. LEXIS 114984 (S.D.N.Y. Dec. 7, 2009) ...................................16

*Davidson v. Flynn*,
    32 F.3d 27 (2d Cir. 1994)....................................................................................3

*Dwares v. City of New York*,
    985 F.2d 94 (2d Cir. 1993)..................................................................................16

*Fincher v. County of Westchester*,
    979 F.Supp. 989 (S.D.N.Y. 1997) .....................................................................18

*Frantz Jean v. City of New York*,
    No. 08-CV-157 (RER) .........................................................................................6

*Fulton v. Robinson*,
    289 F.3d 188 (2d Cir. 2002)................................................................................5

*Golino v. City of New Haven*,
    950 F.2d 864 (2d. Cir 1991)..............................................................................13

*Grandon v. Merrill Lynch & Co.*,
    147 F.3d 184 (2d Cir. 1998)................................................................................3

*Guerrier v. Quillian*,
    No. 10 Civ. 9453 (CM),
    2011 U.S. Dist. LEXIS 120189 (S.D.N.Y. Oct. 24, 2011) ...................................4

*Illinois v. Gates*,
    462 U.S. 213 (1983)............................................................................................6

*Jaegly v. Couch*,
    439 F.3d 149 ........................................................................................................5

*Jenkins v. City of New York*,
    478 F.3d 76 (2d Cir. 2007)................................................................................16

**Cases**                                                                                                    **Pages**

*Jocks v. Tavernier*,
    316 F.3d 128 (2d Cir. 2003)..................................................................................6

*Latrieste Restaurant & Cabaret Inc. v. Village of Port Chester*,
    40 F.3d 587 (2d Cir. 1994)..................................................................................9

*Lennon v. Miller*,
    66 F.3d 416 (2d. Cir. 1995)................................................................................13

*Liang v. City of New York*,
    No. 10-CV-3089 (ENV)(VVP),
    2013 U.S. Dist. LEXIS 136795 (E.D.N.Y. Sept. 24, 2013)..............................9, 10

*Madonna v. United States*,
    878 F.2d 62 (2d Cir. 1989)..................................................................................3

*Malley v. Briggs*,
    475 U.S. 335 (1986)..........................................................................................14

*Martinez v. Simonetti*,
    202 F.3d 625 (2d Cir. 2000)............................................................................6, 13

*Metro. Taxicab Bd. of Trade v. City of N.Y.*,
    615 F.3d 152 (2d Cir. 2010)................................................................................17

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
    7 F.3d 1085 (2d Cir. 1993)................................................................................11

*Michigan v. DeFillippo*,
    443 U.S. 31 (1979)..............................................................................................6

*Miloslavsky v. AES Engineering Society, Inc., et al.*,
    808 F. Supp. 351 (2d Cir. 1992) ......................................................................6, 8

*Missere v. Gross*,
    826 F. Supp. 2d 542 (S.D.N.Y. 2011)..................................................................9

*Monell v. Dep't of Social Services*,
    436 U.S. 658 (1978)......................................................................................15, 16

*Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*,
    815 F. Supp.2d 679 (S.D.N.Y. 2011)..................................................................9

*Nat'l Cong. for Puerto Rican Rights v. The City of New York*,
    75 F. Supp. 2d 154 (S.D.N.Y. 1999)..................................................................11

**Cases**                                                                                     **Pages**

*Oklahoma City v. Tuttle*,
    471 U.S. 808 (1985)................................................................................15

*Panetta v. Crowley*,
    460 F.3d 388 (2d Cir. 2006)........................................................................6

*Patel v. Contemporary Classics*,
    239 F.2d 123 (2d Cir. 2001)........................................................................3

*Patsy's Italian Rest., Inc. v. Banas*,
    658 F.3d 254 (2d Cir. 2011)......................................................................17

*Pearson v. Callahan*,
    555 U.S. 223 (2009)................................................................................13

*Pembaur v. City of Cincinnati*,
    475 U.S. 469 (1986)................................................................................15

*Pierson v. Ray*,
    386 U.S. 547 (1967)..................................................................................6

*Pitchell v. Callan*,
    13 F.3d 545 (2d Cir. 1994)........................................................................19

*Provost v. City of Newburgh*,
    262 F.3d 146 (2d Cir. 2001)......................................................................14

*Ruiz v. Herrera*,
    745 F. Supp. 940 (S.D.N.Y. 1991) ............................................................18

*Samuels v. Air Transp. Local 504*,
    992 F.2d 12 (2d Cir. 1993)..........................................................................4

*San Filippo v. U.S. Trust Co. of New York, Inc.*,
    737 F.2d 246 (2d Cir. 1984),
    *cert. denied*, 470 U.S. 1035 (1985) ..................................................11, 12

*Schnitter v. City of Rochester*,
    556 Fed. Appx. 5 (2d Cir. 2014)................................................................15

*Singer v. Fulton County Sheriff*,
    63 F.3d 110 (2d Cir. 1995)......................................................................6, 7

*Sira v. Morton*,
    380 F.3d 57 (2d Cir. 2004)..........................................................................4

**Cases**                                                                         **Pages**

*Sommer v. Dixon*,
    709 F.2d 173 (2d Cir.),
    *cert. denied*, 464 U.S. 857 (1983) ......................................................................12

*Taylor v. Vt. Dep't of Educ.*,
    313 F.3d 768 (2d Cir. 2002)..........................................................................4

*Torraco v. Port Auth. of N.Y. & N.J.*,
    615 F.3d 129 (2d Cir. 2010)..........................................................................5

*Urbina v. City of New York*,
    14 Civ. 9870 (PAC), 2016 U.S. Dist. LEXIS 1439 ....................................13

*Vasquez v. City of New York*,
    99 Civ. 4606 (DC),
    2000 U.S. Dist. LEXIS 8887 (S.D.N.Y. June 28, 2000) (Chin, J.)............4

*Villa v. City of New York*,
    No. 11 Civ. 1669 (RJS) (AJP),
    2013 U.S. Dist. LEXIS 49830 (S.D.N.Y. Mar. 14, 2013) .................11, 12

*Weyant v. Okst*,
    101 F.3d 845 (2d Cir. 1996)..........................................................................5

*Wims v. New York City Police Dep't*,
    No. 10 Civ. 6128 (PKC),
    2011 U.S. Dist. LEXIS 78641, 2011 WL 2946369 (S.D.N.Y. July 20, 2011) ........................5

*Wright v. NYPD Officer Michael Musanti, et al.*,
    14 Civ. 8976 (KBF), 2016 U.S. Dist. LEXIS 14295 (S.D.N.Y. Feb. 5, 2016).................10, 15

*Yajure v. DiMarzo*,
    130 F. Supp. 2d 568 (S.D.N.Y. 2001).........................................................9

*Zellner v. Summerlin*,
    494 F.3d 344 (2d Cir. 2007)........................................................................14

*Zemsky v. City of New York*,
    821 F.2d 148 (2d Cir. 1987),
    *cert. denied*, 484 U.S. 965 (1987) .......................................................11, 12

**Statutes**

42 U.S.C § 1983.......................................................................1, 5, 8, 15, 16

42 U.S.C. § 1985...................................................................10, 11, 12, 13

**Statutes**                                                                        **Pages**

Fed. R. Civ. P. Rule 12(b)(6) ....................................................................................3, 4

Fed. R. Civ. P. Rule 12(c) .....................................................................................1, 3, 19

Highway Law § 189 .....................................................................................................12

Local Civil Rule 7.2 .......................................................................................................4

N.Y. Gen. Mun. L. § 50-i(c) ...................................................................................18, 19

N.Y. Gen. Mun. L. § 50-e(1)(a) (Consol. 2001) .........................................................18

N.Y. Gen. Mun. L. § 50-k(6) (Consol. 2001) ..............................................................18

State Penal Law § 135.00 ...............................................................................................7

State Penal Law § 135.05 ...............................................................................................7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x


KRIS GOUNDEN,

                                              Plaintiff,          14 Civ. 4420 (BMC) (LB)


                    -against-


CITY OF NEW YORK, CRIMINAL COURT JUDGES
JANE AND JOHN DOES, SUPREME COURT JUDGE
DOE, POLICE INSPECTOR PASCALE, CON ED
REVENUE SPECIALIST POLLINA,

                                              Defendants.


------------------------------------------------------------------------ x


### DEFENDANTS CITY OF NEW YORK AND PASCALE'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(C)

### PRELIMINARY STATEMENT

     *Pro se* plaintiff Kris Gounden (hereinafter "plaintiff") brings this action pursuant to 42 U.S.C § 1983 alleging constitutional violations arising out of an August 8, 2013 arrest. Defendants City of New York and Deputy Inspector Pascale (hereinafter "city defendants")[1] submit this memorandum of law in support of their motion to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that: (1) plaintiff's false arrest and malicious prosecution claims arising out of his August 8, 2013 arrest fail as a matter of law because both the arrest and prosecution were based on probable cause; (2) plaintiff's selective prosecution claim fails as a matter of law; (3) plaintiff's conspiracy claim fails as a matter of

---

[1] Defendant Pollina is private individual, the complainant in plaintiff's underlying criminal case, and is not represented by the Office of the Corporation Counsel.

law; (4) defendant Pascale is entitled to qualified immunity; (5) plaintiff's claim against defendant City fails as a matter of law; and (6) to the extent the complaint includes state law claims, those claims are barred by the applicable statute of limitations.

## STATEMENT OF FACTS

On July 27, 2015 plaintiff *pro se* filed this complaint against, *inter alia*, defendants City of New York, Deputy Inspector Pascale, and Anthony Pollina. According to the complaint, plaintiff was unlawfully arrested by defendant Pascale on August 8, 2013. (*See* 15 Civ. 4420 Complaint, filed September 27, 2015, Docket Entry No. 1 (hereinafter "Complaint"), ¶ 34). According to plaintiff, this arrest was the result of a dispute with Con Edison workers which began on August 7, 2013. *Id.* at ¶ 36. According to plaintiff, he instructed "Con Edison workers" on August 7, 2013 that they were trespassing on his private property without a warrant. *Id.* Nevertheless, at some point, on August 8, 2013, defendant Pascale arrived on plaintiff's property. *Id.* at. 34. According to plaintiff, defendant Pascale informed plaintiff that "Con Ed [was] working on the pole and need to get out." *Id.* at ¶ 39. Plaintiff replied that "Con Ed trespassed on his property" to reach their current location. *Id.* Defendant Pascale responded by stating that the issue was not whether Con Edison workers had trespassed on plaintiff's property, but rather how these workers were expected to "get out" of plaintiff's property. *Id.* After this conversation, defendant Pascale "ordered" plaintiff's arrest. *Id.* at ¶ 33. Plaintiff alleges that he was arrested "on the basis that [his property] contained a public street or easement." *Id.* at ¶ 35.

New York City Police Department (hereinafter "NYPD") public records indicate that on August 8, 2013, defendant Pollina complained to police that plaintiff refused to move his vehicle, preventing defendant Pollina from exiting plaintiff's property. (*See* NYPD Complaint Report, dated Aug. 8, 2013, attached to the declaration of Daniel G. Saavedra as Exhibit A ("Ex. A"), p. 1-2).

Liberally construed, plaintiff alleges that he was subject to false arrest and malicious prosecution in connection with the aforementioned arrest. Plaintiff further alleges a selective enforcement claim. *Id*. at ¶¶ 54, 55.[2]

## STANDARD OF REVIEW

City defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(c). When evaluating a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), the court employs the same standard as that for a motion to dismiss under Rule 12(b)(6). *Patel v. Contemporary Classics*, 239 F.2d 123, 126 (2d Cir. 2001). On such a motion, the Court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. *See Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir. 1998); *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994) (citing *Madonna v. United States*, 878 F.2d 62, 65 (2d Cir. 1989)). A motion to dismiss should be granted where a complaint fails to plead enough facts to state a claim that is *plausible* on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The factual allegations of the complaint must be more than speculative, and show the grounds on which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation a cause of action's elements." *Twombly*, 550 U.S. at 555. Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

---

[2] Plaintiff also alleges a number of claims related to ongoing litigation regarding plaintiff's property. *See* Complaint at ¶¶ 6-29. Plaintiff further seeks a permanent injunction against arresting plaintiff on his property. *Id*. at ¶¶ 30-32. These allegations pertain to a wholly distinct issue which has been thoroughly litigated in other forums. *See City of New York v. Gounden*, 131 A.D.3d 560 (2nd Dep't 2005). Accordingly, defendants will not address the sufficiency of those allegations, except to say that they are entirely irrelevant to plaintiff's arrest and prosecution. *See* Order, dated Sept. 16, 2015, Docket Entry No. 4, p. 1 ("plaintiff brings this action for false arrest and malicious prosecution.")

In deciding such a motion, a Court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). "On a motion to dismiss, the Court may consider, in addition to the complaint itself, "any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Brown v. NYCHA, et al.*, 13 Civ. 7599 (RJS) (HBP), Slip Op. at *2, fn. 2, Docket Entry No. 23 (S.D.N.Y. Sept. 3, 2014) (citing *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). Moreover, it is "well established that a district court may rely on matters of public record in deciding a motion to dismiss," including criminal complaints, indictments, and criminal disposition data. *Vasquez v. City of New York*, 99 Civ. 4606 (DC), 2000 U.S. Dist. LEXIS 8887, at *3, n.1 (S.D.N.Y. June 28, 2000) (Chin, J.) (citations omitted).[3] *See also, Blue Tree Hotels Inv. (Can.), Ltd.*, 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"); *Awelewa v. N.Y. City.*, 11 Civ. 778 (NRB), 2012 U.S. Dist. LEXIS 24244, *9-10 (S.D.N.Y. Feb. 22, 2012) (finding that in a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[w]hile [the Court] may of course not use public records to establish the truth of a third-party assertion documented therein (i.e. that plaintiff actually attempted to leave the store with merchandise for which she had not paid), the Court may rely on such records to show here that store personnel made the recorded allegations, whether true or not, to Officer Doe."); *Guerrier v. Quillian*, No.

---

[3] In accordance with Local Civil Rule 7.2, a copy of all electronically published decisions has been appended to the copy of this motion served on plaintiff, who is proceeding *pro se*. Additionally, pursuant to Your Honor's Individual Practices, City defendants will provide copies of unpublished cases with the courtesy copy of this motion provided to the Court.

10 Civ. 9453 (CM), 2011 U.S. Dist. LEXIS 120189 (S.D.N.Y. Oct. 24, 2011); *Wims v. New York City Police Dep't*, No. 10 Civ. 6128 (PKC), 2011 U.S. Dist. LEXIS 78641, 2011 WL 2946369, at *2 (S.D.N.Y. July 20, 2011) (finding that judicial notice may be taken of public records, including "arrest reports, criminal complaints, indictments, and criminal disposition data").

## ARGUMENT

## POINT I

### PLAINTIFF'S FALSE ARREST AND MALICIOUS PROSECUTION CLAIMS ARISING OUT OF HIS AUGUST 8, 2013 ARREST FAIL AS A MATTER OF LAW

Liberally construed, plaintiff's complaint contains claims for false arrest and malicious prosecution arising out of his August 8, 2013 arrest. These claims fail, however, because probable cause existed for plaintiff's arrest and prosecution.

**A.     Probable Cause Standard**

A claim for false arrest will fail when there is probable cause for the arrest and prosecution. *See Jaegly v. Couch*, 439 F.3d 149. 152 (2d Cir. 2006) (Sotomayor, J.). "[T]he existence of probable cause is an absolute defense to a false arrest claim." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 139 (2d Cir. 2010) (citations omitted). This is true "whether that action is brought under state law or under § 1983." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citing *Broughton v. State of New York*, 37 N.Y.2d 451, 458 (1975) (under New York law, "justification may be established by showing that the arrest was based on probable cause")). The existence of probable cause also defeats a claim for malicious prosecution. *Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002) ("In order to prevail on a § 1983 claim [...] a plaintiff must show that a proceeding was commenced or continued against him, with malice and without probable cause, and was terminated in his favor.").

Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (internal citations omitted). Probable cause requires only a probability, not an actual showing, of criminal activity. *Illinois v. Gates*, 462 U.S. 213, 244 n.13 (1983). Moreover, the validity of an arrest does not depend upon an ultimate finding of guilt or innocence. *Pierson v. Ray*, 386 U.S. 547, 555 (1967). Thus, whether the suspect was later acquitted of the charges for which he was arrested is irrelevant to a determination of probable cause at the time of arrest. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979).

Police have probable cause to arrest if they receive "information from some person, normally the putative victim or eyewitness." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (quoting *Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000). "Indeed, as sources of information go, crime victims are among the most reliable; they usually can provide a first-hand non-hearsay account of the criminal activity." *Campbell v. Giuliani*, No. 99 Civ. 2603 (JG), 2001 U.S. Dist. LEXIS 609, at *9 (E.D.N.Y. Jan. 24, 2001) (*citing Miloslavsky v. AES Engineering Society, Inc., et al.*, 808 F. Supp. 351, 355 (2d Cir. 1992) ("The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed")). Moreover, officers do not have a duty "to investigate exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest." *Jocks v. Tavernier*, 316 F.3d 128, 135-36 (2d Cir. 2003); *see also Frantz Jean v. City of New York*, No. 08-CV-157 (RER) (finding PC for arrest for assault based on statements by complaining witness despite evidence of plaintiff's innocence).

**B.    The Existence of Probable Cause Defeats Plaintiff's False Arrest and Malicious Prosecution Claims Arising Out of His August 8, 2013 Arrest**

In this case, plaintiff alleges that on August 8, 2013, defendant Pascale ordered his arrest following a property dispute with Con Edison workers.  *See* Complaint at ¶¶ 33, 34. Plaintiff's complaint implies—without admitting—that the arrest occurred because Con Edison workers were unable to leave plaintiff's property.  *Id.* at ¶ 39.  NYPD records indicate that plaintiff intentionally refused to move his vehicle, effectively blocking defendant Pollina from leaving plaintiff's property.  *See* Ex. A, at p. 1-2.  Accordingly, defendant Pollina filed a complaint report with the 106th Precinct.  *See id.*  After refusing to move his car, plaintiff was arrested.  (*See* NYPD Arrest Report, dated August 8, 2013, attached to the Declaration of Daniel G. Saavedra as Exhibit B (hereinafter "Ex. B"), p. 1).

Based on the information provided by defendant Pollina, probable cause existed to arrest and prosecute plaintiff for unlawful imprisonment in the second degree.[4]  Indeed, an arresting officer has probable cause to effectuate an arrest when they are "advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with a crime."  *Singer*, 63 F.3d at 118.  Accordingly, defendant Pollina's complaint was sufficient to warrant a person of "reasonable caution in the belief that an offense has been committed by the person to be arrested."  *Id.*  The Court need not accept the truth of defendant Pollina's complaint to determine that there was probable cause to arrest plaintiff.  *See Awelewa* 2012 U.S. Dist. LEXIS 24244 at *9-10 ("[w]hile [the Court] may of course not use public records to establish the truth of a third-party assertion documented therein (i.e. that plaintiff

---

[4] Under New York law, a person is guilty of unlawful imprisonment in the second degree when "he restrains another person."  *See* New York State Penal Law § 135.05.  "Restrain" is defined as restricting a "person's movements intentionally and unlawfully in such manner as to interfere substantially with his liberty…by confining him either in the place where the restriction commences or in a place to which he has been moved."  *See* New York State Penal Law § 135.00.

actually attempted to leave the store with merchandise for which she had not paid), the Court may rely on such records to show here that store personnel made the recorded allegations, whether true or not, to Officer Doe.").

Furthermore, plaintiff's complaint provides no facts to defeat probable cause for his arrest or prosecution. *See Carson v. Lewis*, 35 F. Supp. 2d 250, 263 (E.D.N.Y. 1999) ("a malicious prosecution claim will be defeated by a finding of probable cause to arrest, unless the plaintiff can demonstrate mitigating facts to vitiate probable cause which were first uncovered after the arrest."). Instead, plaintiff's complaint deals primarily with the litigation surrounding the purported easement on plaintiff's property. Even assuming, however, that plaintiff parked his car squarely on his own property, defendant Pollina nevertheless informed officers that plaintiff was intentionally preventing defendant Pollina from leaving the premises, in clear violation of the law. Based upon the report of this complaining victim, there was probable cause to arrest and prosecute plaintiff. *See Miloslavsky*, 808 F. Supp. at 355 ("The veracity of citizen complaints who are the victims of the very crime they report to the police is assumed")). Accordingly, plaintiff's claims of false arrest and malicious prosecution arising from his August 8, 2013 arrest must be dismissed because plaintiff's arrest and prosecution were based on probable cause.

## POINT II

### PLAINTIFF'S SELECTIVE ENFORCEMENT CLAIM FAILS AS A MATTER OF LAW

To the extent the Court liberally construes plaintiff's complaint to allege a selective enforcement claim under 42 U.S.C. § 1983, such a claim fails as a matter of law.

## A.     Selective Enforcement Standard

A selective enforcement claim arises under the Equal Protection Clause.  In order to adequately plead an equal protection violation on a theory of selective enforcement a plaintiff must allege that he was: (1) selectively treated by law enforcement as compared with others similarly situated, and (2) that such selective treatment was based on "impermissible considerations such as . . . malicious or bad faith intent to injure a person." *Latrieste Restaurant & Cabaret Inc. v. Village of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994).  "'A showing that the plaintiff was treated differently compared to others similarly situated' is a 'prerequisite' and a 'threshold' matter to a selective treatment claim." *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp.2d 679, 692 (S.D.N.Y. 2011) (quoting *Church of the Am. Knights of the Ku Klux Klan v. Kerik*, 356 F.3d 197, 210 (2d Cir. 2004)). Courts within this Circuit have held that individuals are similarly situated for purposes of selective enforcement claims when they are "similarly situated in all material respects." *Id.* at 696; *see Missere v. Gross*, 826 F. Supp. 2d 542, 461 (S.D.N.Y. 2011) (stating that some courts have framed the standard as whether "'a prudent person, looking objectively at the incidents, would think them roughly equivalent'" (quoting *Yajure v. DiMarzo*, 130 F. Supp. 2d 568, 572 (S.D.N.Y. 2001))). A plaintiff's "naked assertions of discrimination" are insufficient to survive the pleading stage. *Liang v. City of New York*, No. 10-CV-3089 (ENV)(VVP), 2013 U.S. Dist. LEXIS 136795, at *11 (E.D.N.Y. Sept. 24, 2013).

## B.     Plaintiff's Selective Enforcement Claim Fails as a Matter of Law

In this case, plaintiff offers no facts to support a boilerplate assertion of selective enforcement. *See* Complaint, ¶¶ 54-57.  Indeed, plaintiff has failed to satisfy either prong of the selective enforcement analysis.  For one, plaintiff has failed to identify any individuals with whom he was similarly situated yet dissimilarly treated. The only other individual involved in

the incident that gave rise to plaintiff's arrest—defendant Pollina—cannot be said to be similarly situated to plaintiff. Indeed, defendant Pollina, at the time of plaintiff's arrest, was attempting to conduct the business of Con Edison. Nevertheless, plaintiff purposefully and intentionally restricted defendant Pollina's freedom. At which point, defendant Pollina informed the police of the situation at plaintiff's residence. Plaintiff does not allege—nor could he—that defendant Pollina committed a crime for which he should have been arrested. Nor has plaintiff alleged that he informed the police that defendant Pollina had committed a crime for which he should have been arrested. Accordingly, plaintiff has failed to adequately establish the initial, threshold requirement of a selective enforcement claim. *See Wright v. NYPD Officer Michael Musanti*, *et al.*, 14 Civ. 8976 (KBF), 2016 U.S. Dist. LEXIS 14295, *12-13 (S.D.N.Y. Feb. 5, 2016) ("The material distinction is, namely, that after the altercation concluded, Musanti immediately contacted the police to report the incident, whereas plaintiff…did not contact the authorities.").

Instead, plaintiff offers conclusory allegations that defendants "prosecuted plaintiff for a reason other than to bring an offender to justice because no unmapped areas are deemed public in the City of New York, and the track record of police, fire and law department contact insures plaintiff's prosecution was selective." *See* Complaint, ¶ 56. These "naked assertions of discrimination" are insufficient to survive a motion to dismiss. *Liang*, 2013 U.S. Dist. LEXIS 136795, at *11. Accordingly, plaintiff's selective enforcement claim must be dismissed as a matter of law.

## POINT III

### PLAINTIFF'S CONSPIRACY CLAIM FAILS AS A MATTER OF LAW

To the extent the Court liberally construes plaintiff's complaint to allege a selective enforcement claim under 42 U.S.C. § 1985, such a claim fails as a matter of law.

To state a claim for conspiracy pursuant to § 1985, a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Villa v. City of New York*, No. 11 Civ. 1669 (RJS) (AJP), 2013 U.S. Dist. LEXIS 49830, at *22-23 (S.D.N.Y. Mar. 14, 2013) (quoting *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)). Moreover, the plaintiff must prove that the conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Id.*

The essence of a conspiracy claim is the allegation of facts — not merely the recitation of conclusory allegations — which clearly demonstrate an agreement between the alleged co-conspirators, and the specific acts committed in furtherance of that agreement. *See Zemsky v. City of New York*, 821 F.2d 148, 151 (2d Cir. 1987) (dismissing *pro se* complaint containing only vague and conclusory allegations of conspiracy), *cert. denied*, 484 U.S. 965 (1987). Indeed, an essential element of a conspiracy claim is an agreement among the alleged co-conspirators. *See Nat'l Cong. for Puerto Rican Rights v. The City of New York*, 75 F. Supp. 2d 154, 168 (S.D.N.Y. 1999) (quotations omitted) (recognizing that an essential element of conspiracy is an agreement to deprive a plaintiff of his constitutional rights and without such a "meeting of the minds, the independent acts of two or more wrongdoers do not amount to a conspiracy").

Accordingly, vague and conclusory allegations of conspiracy, not pled with particularity, should be dismissed. Indeed, courts in this Circuit have held that vague and conclusory allegations of conspiracy cannot withstand a motion to dismiss. *See, e.g., San Filippo*

*v. U.S. Trust Co. of New York, Inc.*, 737 F.2d 246, 256 (2d Cir. 1984), *cert. denied*, 470 U.S. 1035 (1985) (affirming a dismissal of conspiracy complaint where allegations were vague and unsupported by a description of a particular overt act); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir.), cert. denied, 464 U.S. 857 (1983) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss").

In this case, plaintiff offers absolutely no facts to support his conspiracy claim, nor could he plausibly do so. Indeed, plaintiff fails to allege that the deprivation of his rights was "on account of his race, ancestry, or ethnic characteristics." *Zemsky*, 821 F.2d at 150. Instead, the thrust of plaintiff's complaint is that the City of New York conspired to arrest him as a result of the "City's policy that § 189 of the Highway Law is applicable within the confines of the City of New York." *See* Complaint, ¶ 29. Such allegations are insufficient to state a § 1985 conspiracy claim. *See Zemsky*, 821 F.2d at 150. Plaintiff also fails to allege that the City defendants affirmatively conspired with civilian complainant defendant Pollina to deprive plaintiff of equal protection under the laws. Indeed, plaintiff has alleged no facts which would support a contention that the City defendants were in agreement with defendant Pollina and planned to violate the rights of plaintiff. Without any facts to support this bare allegation of conspiracy, plaintiff's claim fails as a matter of law. *See San Filippo*, 737 F.2d at 256.

Furthermore, because plaintiff's arrest was based upon probable cause, *see supra*, Point II, plaintiff cannot plausibly allege that he was "deprived of any right of a citizen of the United States." *Villa*, 2013 U.S. Dist. LEXIS 49830, at *22-23. Indeed, plaintiff's Fourth Amendment rights are violated *only* if an arrest of plaintiff's person is made without probable cause. *See* U.S. Const. amend. IV. Accordingly, since plaintiff's arrest was based upon probable

cause, plaintiff cannot establish that he was deprived of any constitutional right. *See Urbina v. City of New York*, 14 Civ. 9870 (PAC), 2016 U.S. Dist. LEXIS 1439, at \*12 (dismissing conspiracy claim because the "complaint does not plausibly allege an underlying constitutional violation."). Therefore, plaintiff cannot meet an essential element of a § 1985 conspiracy claim.

Accordingly, plaintiff's § 1985 conspiracy claim must be dismissed because it fails as a matter of law.

## POINT IV

### CITY DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known . . . or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." *Bradway v. Gonzales*, 26 F.3d 313 (2d Cir. 1994) (internal citations and quotations omitted). Qualified immunity is applicable regardless of "whether a government actor's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citations omitted).

When accused of making a false arrest, an officer is entitled to qualified immunity where (1) it was objectively reasonable for officers to believe probable cause existed or (2) where officers of reasonable competence could differ as to whether probable cause existed. *See Lennon v. Miller*, 66 F.3d 416, 423-423 (2d. Cir. 1995) (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d. Cir 1991)). Thus, "in the context of a qualified immunity defense to an allegation of false arrest, the defending officer need only show 'arguable' probable cause." *Martinez v. Simonetti*, 202 F.3d 625, 635 (2d Cir. 2000). In this showing of whether arguable

probable cause existed, officers are "entitled to draw reasonable interferences from the facts they possessed at the time of a seizure based upon their own experiences." *Cerrone v. Brown*, 246 F.3d 194, 203 (2d Cir. 2001). "This forgiving standard protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Only where an officer's judgment was "so flawed that no reasonable officer would have made a similar choice," is the denial of qualified immunity appropriate. *Provost v. City of Newburgh*, 262 F.3d 146, 169 (2d Cir. 2001).

Here, as outlined above, probable cause existed for the arrest and prosecution of plaintiff. Assuming, *arguendo,* that the Court does not agree that probable cause existed, it is still clear that "arguable" probable cause existed for plaintiff's arrest. It was "objectively reasonable" for defendant Pascale to arrest plaintiff for assault based on the factual circumstance available to him at the time of arrest. *Zellner v. Summerlin*, 494 F.3d 344, 369 (2d Cir. 2007) ("arguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question *could* have reasonably believed that probable cause existed").

In this case, defendant Pascale was aware that defendant Pollina had filed a complaint report with the 106th precinct, in which defendant Pollina accused plaintiff of preventing his exit from plaintiff's property. Defendant Pascale investigated this complaint by arriving at plaintiff's property and surveying the situation. Given the facts available to defendant Pascale at the time of the arrest, there was, at a minimum, arguable probable cause to arrest plaintiff on August 8, 2013. Indeed, any "reasonable police officer in the same circumstances" would have reasonably believed that probable cause existed to arrest plaintiff, and only plaintiff. *Zellner*, 494 F.3d at 369. Moreover, there is no indication in the complaint, that plaintiff ever

filed a complaint against defendant Pollina. Nor are there any allegations in the complaint that defendant Pascale was made aware that defendant Pollina had committed a crime for which he should have been arrested. Accordingly, it was objectively reasonable for defendant Pascale to believe that he was acting in accordance with the law in arresting and charging plaintiff, but not arresting and charging defendant Pollina. *See Wright*, 2016 U.S. Dist. LEXIS 14295, \*15-16. Defendant Pascale "therefore, enjoy[s] qualified immunity." *Schnitter v. City of Rochester*, 556 Fed. Appx. 5, 8-9 (2d Cir. 2014).

## POINT V

### PLAINTIFF'S MUNICIPAL LIABILITY CLAIM FAILS AS A MATTER OF LAW

Plaintiff has failed to state a plausible claim for relief against defendant City of New York.

In order to hold a municipality liable as a "person" within the meaning of § 1983, a plaintiff must establish that the municipality itself was somehow at fault. *Oklahoma City v. Tuttle*, 471 U.S. 808, 810 (1985); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (liability exists only where "action pursuant to official municipal policy of some nature caused a constitutional tort"). A municipality may not be held liable under § 1983 on the basis of *respondeat superior*. *Monell*, 436 U.S. at 694-95. To state a claim for municipal liability, a plaintiff must allege plausibly one of four different types of violations: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, *Monell*, 436 U.S. at 690; (2) the official responsible for establishing policy, with respect to the subject matter in question to the specific action, caused the alleged violation of the plaintiff's rights, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof

that this practice was so manifest as to imply the acquiescence of policy-making officials, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127-30 (1985); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Jenkins v. City of New York*, 478 F.3d 76, 94 (2d Cir. 2007).

In this case, plaintiff names the City of New York as a defendant but fails to provide any allegations—let alone any facts—which would support a theory of municipal liability. Indeed, plaintiff's complaint is devoid of any explicit allegations of municipal liability. Instead, plaintiff implicitly states that the City is liable for the arrest and prosecution initiated by defendant Pascale. *See* Complaint, ¶¶ 44-46. However, it is well established that a municipality may not be held liable under § 1983 on the basis of *respondeat superior*. *Monell*, 436 U.S. at 694-95. Liberally construed, plaintiff's complaint comes closest to alleging an unconstitutional "custom or practice." *City of St. Louis,* 485 U.S. at 127-30. The Second Circuit, however, has held that "the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Bradley v. City of New York*, No. 08 Civ. 1106 (NGG), 2009 U.S. Dist. LEXIS 51532, at *8-*9 (E.D.N.Y. June 18, 2009) (citing *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993)). Therefore, plaintiff's claim should be dismissed because he merely states conclusory allegations of municipal policy and practice and fails to allege facts from which the Court may infer an actual causal link between the custom or policy and alleged constitutional violation. *See, e.g., Cuevas v. City of New York*, No. 07 Civ. 4169 (LAP), 2009 U.S. Dist. LEXIS 114984, at *12 (S.D.N.Y. Dec. 7, 2009).

Plaintiff's only explicit claims against the City of New York are seemingly a motion for a permanent injunction against "arresting plaintiff based on any part of lot 162 or 161 being public," and a motion for a permanent injunction against "arresting plaintiff on the basis that plaintiff preventing trespass to lot 162 constitutes a fire hazard." *See* Complaint, ¶¶ 30-31. To the extent plaintiff is actually seeking a permanent injunction, such a motion is not appropriate at this stage. *See Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 272 (2d Cir. 2011) ("A permanent injunction is appropriate where the party seeking the injunction has succeeded on the merits and "show[s] the absence of an adequate remedy at law and irreparable harm if the relief is not granted."). To the extent plaintiff is seeking a preliminary injunction, plaintiff has failed to satisfy his burden to establish: "irreparable harm, and (2) either (a) likelihood of success on the merits, or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief, and (3) that the public's interest weighs in favor of granting an injunction." *Metro. Taxicab Bd. of Trade v. City of N.Y.*, 615 F.3d 152, 156 (2d Cir. 2010).

Accordingly, any claims against defendant City of New York must be dismissed as a matter of law.

## POINT VI

**TO THE EXTENT PLAINTIFF'S COMPLAINT MAY BE READ TO ASSERT CLAIMS UNDER STATE LAW, THESE CLAIMS MUST BE DISMISSED FOR FAILURE TO COMPLY WITH CONDITIONS PRECEDENT TO SUIT.**

To the extent the Court liberally construes the complaint to include any New York State law claims, such claims are barred because plaintiff failed to comply with New York State

statutory requirements.  Additionally, the Court should refrain from exercising pendant jurisdiction over any state law claims.

Under New York Law, "[n]o action … shall be prosecuted or maintained against the city …. or any employee … unless notice of claim shall have been made and served upon the city."  N.Y. Gen. Mun. L. § 50-k(6) (Consol. 2001).  The notice must be served upon the municipality within ninety days after the claim arose.  N.Y. Gen. Mun. L. § 50-e(1)(a) (Consol. 2001).  The notice of claim requirement applies "equally to state tort claims brought as pendant claims in a federal rights action."  *Fincher v. County of Westchester*, 979 F.Supp. 989, 1002 (S.D.N.Y. 1997).  Once a notice of claim is filed, the action "shall be commenced within one year and ninety days after the happening of the event upon which the claim is based."  N.Y. Gen. Mun. L. § 50-i(c).  Failure to comply with the notice of claim requirements requires dismissal of the state law claims.  *Brogdon v. City of New Rochelle*, 200 F. Supp. 2d 411 (S.D.N.Y. 2002); *Ruiz v. Herrera*, 745 F. Supp. 940 (S.D.N.Y. 1991) (dismissing tort claims where plaintiff failed to comply with notice of claim requirements).

Plaintiff may not assert pendent state law claims because he has failed to commence this action within one year and ninety days after the happening of the event upon which the claim is based.  Assuming, *arguendo*, that plaintiff filed a timely and valid notice of claim, his state law claims must nevertheless be dismissed because this action was commenced *more than two years* after the "happening of the event upon which the claim is based."  N.Y. Gen. Mun. L. § 50-i(c).  Indeed, plaintiff was arrested on August 8, 2013.  Nevertheless, plaintiff did not file the present lawsuit until September 27, 2015.  Therefore, plaintiff's state law claims must be dismissed because plaintiff failed to comply with New York law, which requires an

action to "be commenced within one year and ninety days after the happening of the event upon which the claim is based." *Id.*

Accordingly, plaintiff may not assert pendent state law claims. *See Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994) (noting that the lower court was correct in stating that "it is axiomatic that a court should decline to exercise jurisdiction over state-law claims when it dismisses the federal claims").

## <u>CONCLUSION</u>

For the foregoing reasons, City defendants respectfully request that the Court grant their motion to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, with prejudice, together with such costs, fees and other and further relief as the Court deems just and proper.

Dated:    February 29, 2016
          New York, New York


ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendants City and Pascale*
100 Church Street, Room 3-156
New York, New York 10007
(212) 356-0892


By:    _____/s/_____
       Daniel G. Saavedra
       Assistant Corporation Counsel
       Special Federal Litigation Division


cc:    Kris Gounden (By First Class Mail)
       *Plaintiff Pro Se*
       109-50 121st
       So. Ozone Park, New York 11420